FILED
2021 Apr-30  PM 02:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| 24E FITNESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-1937-GMB |
| | ) | |
| INTERNAL CREDIT SYSTEMS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the court are the Motion to Remand (Doc. 4) and Motion for Attorney Fees (Doc. 12) filed by Plaintiff 24e Fitness, LLC ("24e"). The motions have been fully briefed and are ripe for decision. Docs. 4, 9, 11, 12, 14 & 17. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 8. For the following reasons, the Motion to Remand is due to be granted, and the Motion for Attorney Fees is due to be denied.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Accordingly, this court is "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "It is to

be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted).  When the parties disagree on the court's jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court on a properly submitted motion to remand. *Burns*, 31 F.3d at 1095.

Congress has empowered the federal courts to hear cases removed by a defendant from state to federal court if the plaintiff originally could have brought the claims in federal court. *See* 28 U.S.C. § 1441(a).  Federal courts may exercise original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of any of the United States." 28 U.S.C. § 1331.  "Whether a claim arises under federal law for purposes of 28 U.S.C. § 1331 is generally determined by the well-pleaded complaint rule, 'which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

On October 21, 2020, 24e filed a complaint in state court against Defendant Internal Credit Systems, Inc. ("ICS") alleging breach of contract and related state-law tort claims. Doc. 1-1 at 4–6.  24e claimed that ICS had violated a contract between the parties under which ICS was to act as 24e's collection agency. Doc. 1-1 at 4.  The contract required ICS to operate within the parameters of "existing

federal, state, and city laws and regulations." Doc. 1-1 at 4.  Despite this contract provision, 24e alleged that it received "numerous complaints" from its members that ICS had acted "outside of the parameters of existing federal, state, and city laws and regulations." Doc. 1-1 at 5.  24e also affirmatively alleged that ICS's actions were "outside the scope of Federal, State and City laws and regulations." Doc. 1-1 at 7. In its Notice of Removal, ICS claimed that these three references to federal "laws and regulations" establish federal question jurisdiction over 24e's claims. Doc. 1 at 2.

ICS has not met its burden to show that 24e's complaint provides a basis for federal question jurisdiction, which exists only when the well-pleaded complaint contains a federal-law cause of action or a state-law cause of action that "'necessarily depends on resolution of a substantial question of federal law.'" *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (quoting *Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983)).  24e's complaint does not contain any causes of action that find their basis in federal law.  A few stray references to federal law do not transform claims for breach of contract and related state-law torts into federal causes of action.

Alternatively, ICS may demonstrate federal question jurisdiction by showing that 24e's state-law claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any

congressionally approved balance of federal and state judicial responsibilities."
*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).
24e's state-law claims tangentially relate to a federal issue in as much as the
complaint asserts that ICS breached the contract by violating federal law. Doc. 1 at
2.  However, ICS has made no attempt to show that there is an actual dispute as to
the federal issue, that the federal question is issue, or that the resolution of the issue
has the potential to disturb the balance of power between federal and state courts.
Therefore, ICS has not met its burden to invoke federal jurisdiction in this case.
*Compare Cornelius v. U.S. Bank Nat'l Ass'n*, 452 F. App'x 863, 865–66 (11th Cir.
2011) (holding that "[t]he mere presence of a federally regulated defendant [and] the
bare mention of [a federal law]" does not show a substantial federal question), *with
State ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 317–18 (2d
Cir. 2016) (holding that state-law tax fraud claims implicated a substantial federal
question because they depended on the definition of a federal tax exemption for
mortgage-backed securities, a trillion-dollar national industry).  For these reasons,
24e's motion to remand is due to be granted. *See Univ. of S. Ala.*, 168 F.3d at 410
("[I]f at any time before final judgment it appears that the district court lacks subject
matter jurisdiction, the case shall be remanded to the state court from whence it
came.") (internal quotation marks omitted).

      Finally, 24e seeks to recover attorney fees associated with the motion to

remand. Doc. 12.  If a court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). There is no presumption that a court should award fees when it remands a case, *id.* at 137, and "courts that have applied the *Martin* standard typically focus upon whether the removing party has offered a credible reason for removal, even if it later becomes clear that the removing party was incorrect on the facts or the law." *Wells Fargo Bank, N.A. v. Wilson*, 2019 WL 4668173, at *3 (M.D. Fla. 2019).  The court is satisfied that ICS had an objectively reasonable, albeit incorrect, basis for seeking removal.  Therefore, 24e's Motion for Attorney Fees is due to be denied.

      A final order consistent with this Memorandum Opinion will be entered.

      DONE and ORDERED on April 30, 2021.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE